D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

**CHARLES NASSIF, on behalf of himself and others similarly situated,**

**Plaintiff,**

v.

**PINCH FOOD DESIGN, LLC, and BOB SPIEGEL,**

**Defendants.**

---------------------------------------------------------x

**CASE NO. 1:25-CV-6571**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Pinch Food Design, LLC ("Pinch Food") is a New York limited liability company that owns and operates Pinch Food Design catering company based in New York.

4. At all relevant times, Pinch Food's annual gross volume of sales has exceeded $500,000.

5. Pinch Food has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Defendant Bob Spiegel is an owner and active manager of Pinch Food. He is the executive chef of the company's catering business. He has ultimate authority and makes important decisions with respect to personnel issues, including hiring and firing and payroll issues. He also plays a role in Pinch Food's practice challenged in this lawsuit—receiving gratuities from customers and failing to distribute them in their entirety to service employees. He regularly holds himself out to the public as the person that runs Pinch Food Design.

7. Plaintiff Charles Nassif resides in New York. Plaintiff has worked for Defendants as a back of the house captain since 2017.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

8. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully retaining employees' tips.   The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and contact information are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

11.     Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

12.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.   The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

13.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

14.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)      Whether Defendants illegally retained gratuities belonging to Plaintiff and the Class

Members.

## FACTS

19.     Plaintiff's Consent to Sue form is attached as Exhibit A.

20.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

21.     Plaintiff worked for Defendants as a back of the house captain and sometimes a server at special events.  Both of these positions were service positions and involved providing direct customer service to event guests.

22.     Defendants received gratuities at these events and failed to distribute these gratuities to service employees.

23.     For example, on July 30, 2022, June 21, 2023, and May 14, 2024, Plaintiff worked events at which the hosts themselves told Plaintiff they had paid an additional gratuity to Pinch Food for the service staff.  However, these gratuities were not distributed to service employees.

24.     Defendants committed the foregoing acts against Plaintiff, FLSA Collective Plaintiffs, and Class Members.

### FIRST CLAIM FOR RELIEF
**(FLSA-29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

25.     Plaintiff realleges and incorporates by reference all previous paragraphs.

26.     Throughout the statute of limitations period covered by these claims, Defendants illegally retained tips that were left for service employees, such as Plaintiff and the other FLSA Collective Plaintiffs.

27.    At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs their tips.

28.    As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

### SECOND CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

29.    Plaintiff realleges and incorporates by reference all previous paragraphs.

30.    Defendants retained portions of Plaintiff's and Class Members' tips.

31.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.      Designation of this action as a class action pursuant to F.R.C.P. 23.

D.      Designation of Plaintiff as Representative of the Class.

E.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.      Penalties available under applicable laws;

G.      Costs of action incurred herein, including expert fees;

H.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 198, and other applicable statutes;

I.      Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.


Dated: New York, New York          Respectfully submitted,
       August 8, 2025
                                   JOSEPH & KIRSCHENBAUM LLP


                                   By: /s/ D. Maimon Kirschenbaum
                                       D. Maimon Kirschenbaum
                                       32 Broadway, Suite 601
                                       New York, NY 10004
                                       Tel: (212) 688-5640
                                       Fax: (212) 981-9587


                                   *Attorneys for Named Plaintiff, proposed FLSA
                                   Collective Plaintiffs, and proposed Class*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.